In the Matter of THOMAS J. KEENAN, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, July 25, 1969.

*Herbert H. Hefler* for petitioner.

*Robert I. Keating* for respondent.

*Per Curiam.* The Referee to whom the issues herein were referred having submitted his report to this court, the petitioner now moves to confirm the report. The report has found three of the charges of professional misconduct sustained and the fourth unsustained except to the extent that the respondent failed properly to answer the complaint concerning it to the petitioner. The respondent cross-moves to disaffirm the report as to the three charges which were found sustained.

The petition is based upon the complaints of four former clients of the respondent filed with the petitioner's Committee on Grievances.

The first charge was that the respondent, while acting as attorney for the executor of an estate, performed his services " in a completely negligent manner ", thereby unduly delaying settlement of the estate, and that, in addition thereto, he (a) ignored a citation to compel his client to account as executor, resulting in a contempt of court proceeding against the client; (b) failed for seven months to deposit a $26,000 check payable to the estate; (c) caused a noninterest bearing estate account to be opened, which resulted in a surcharge against his client and the loss of his client's commissions as executor; and (d) ignored the petitioner's repeated requests for his " version of the matter " and " offered no excuse or explanation " for his failure to answer or reply to the petitioner's communications.

In the second charge it was alleged that the respondent, who had been retained to defend a client on a shoplifting charge, delayed the appeal from the judgment of conviction for two years, for which he gave " no plausible reason ".

The third charge was that the respondent, who had been retained to contest the probate of a will, did nothing to bring the matter to trial for more than two years and that, despite the fact that he had assured his client that he had filed objections to probate, the objections had never been filed and the will was admitted to probate by default.

The fourth charge was that the respondent, who had been retained to prosecute a claim for the wrongful death of his client's husband, had failed to serve a complaint in the action, resulting in the dismissal of the action, as a consequence of which the compensation carrier which had been paying the client a bi-monthly workmen's compensation benefit ceased the payments on the ground that it had been prejudiced by the dismissal of the action.

The first, third and fourth charges are the ones which the Referee found supported by the evidence.

In our opinion, the findings of the Referee with respect to the aforesaid charges were fully sustained by the proofs and, accordingly, the Referee's report should in all respects be confirmed. Accordingly, the petitioner's motion to confirm the report is granted and respondent's cross motion to disaffirm it in part is denied.

In determining the measure of discipline to be imposed upon the respondent, we have taken into consideration, as an extenuating circumstance, the fact that during the period of time in question the respondent's wife was suffering from a serious heart ailment, as a result of which the respondent was burdened with the care of his eight children, and further, as a mitigating circumstance, the respondent's offer to pay to the client involved in the fourth charge the benefits she would have received from the compensation carrier. Taking into consideration the fact that the respondent has served as a member of the Bar for almost 20 years, and also all of the circumstances indicated by the record, it is our opinion that suspension from the practice of law for a period of one year would be an appropriate and suitable discipline to be imposed upon the respondent. Accordingly, the respondent is suspended from the practice of law for a period of one year, commencing August 18, 1969.

BELDOCK, P. J., HOPKINS, BENJAMIN, MUNDER and KLEINFELD, JJ., concur.

Petitioner's motion granted; respondent's cross motion denied; report confirmed; and respondent suspended from the practice of law for one year commencing August 18, 1969.