In the Matter of THOMAS J. KEENAN, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 31, 1992

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Khadijah Muhammad-Starling* of counsel), for petitioner.

*Joseph F. Keenan,* Garden City, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained the three charges of professional misconduct alleged against the respondent. The petitioner moves to confirm the report of the Special Referee. The respondent has admitted the charges, stipulated to a confirmation of the report of the Special Referee, and requested that the court impose a penalty of a period of suspension upon the respondent.

Charge One alleged that the respondent failed to file an affidavit of compliance after his suspension from the practice of law, as required by 22 NYCRR 691.10 (f).

Charge Two alleged that the respondent engaged in the unauthorized practice of law in violation of Judiciary Law §§ 478, 484 and 486, and 22 NYCRR 691.10 (a), subsequent to his suspension by this court commencing October 1, 1989. On or about January 22, 1990, the respondent acted as attorney for Clement Sampson in the sale of real property in Brooklyn. At that time, a contract of sale was executed, and the respondent was entrusted with a down payment of $7,500 from the buyer, Bertram Lewis, to be held in escrow pending completion of the sale. The respondent continued to represent Sampson until the contract of sale was repudiated.

Charge Three alleged that the respondent failed to comply with the lawful demands of the Grievance Committee in its investigation of a complaint received from Caroline Sheridan-Levine on or about April 5, 1990. The respondent was sent a certified letter, on or about October 31, 1990, which requested his written response to the complaint within 10 days. A second such request was mailed to the respondent on or about

January 22, 1991. The respondent still failed to submit an answer to the complaint.

After reviewing all of the evidence adduced, we find that the respondent is guilty of the three charges of professional misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's alcoholism and his prior disciplinary history, including a one-year suspension in 1969 for performing legal services in a negligent manner (Matter of Keenan, 32 AD2d 420), an Admonition from the First Judicial Department in 1985, a Letter of Caution issued by this court on June 23, 1988, and a two-year suspension in 1989 for neglecting an estate matter entrusted to him (Matter of Keenan, 150 AD2d 1). Under the circumstances, the respondent is suspended from the practice of law for a period of one year.

THOMPSON, J. P., BRACKEN, SULLIVAN, HARWOOD and O'BRIEN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Thomas J. Keenan is suspended from the practice of law for a period of one year, commencing September 30, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Thomas J. Keenan is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any

court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.