[941 NYS2d 234]

In the Matter of THOMAS C. BROOKS, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 3, 2012

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

*Thomas C. Brooks, Jr.*, Brooklyn, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a verified petition dated July 2009, containing two charges of professional misconduct. Following a preliminary hearing and hearing on August 5, 2010, October 27, 2010, and December 15, 2010, the Special Referee issued a report, which sustained both charges. The Grievance Committee now moves to confirm the Special Referee's report and impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither submitted a response to the motion nor requested additional time in which to do so.

Charge one alleges that the respondent attempted to mislead his client about the status of an appeal through the use of a fraudulent document, in violation of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.3 [a] [4], [5], [7]).

On or about January 14, 2006, Zoraida Arafet retained the respondent to prosecute a criminal appeal on behalf of her husband, Nasin Arafet. The Arafet family paid the respondent the sum of $7,500 in legal fees. In or about August 2006, the respondent met with Mrs. Arafet and provided her with a copy of

a brief that he had purportedly filed in the Appellate Division, Third Department. The cover page of the brief contained a fraudulent receipt stamp from the Appellate Division, Third Department, which reflected that the brief had been received by the Clerk of that Court in or about August 2006. At the time that the respondent gave the aforesaid brief to Mrs. Arafet, he knew that the receipt stamp was fraudulent, as he had not perfected the appeal.

Charge two alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]).

The respondent never perfected the Arafet appeal.

In view of the uncontroverted evidence, and the respondent's admissions, the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the report is granted.

The Grievance Committee advises that the respondent was previously cautioned for neglecting a client matter in a letter of caution dated December 21, 2006.

In mitigation, the respondent asks that the Court consider his state of mind at the time, the stresses placed on him by his wife and family, the financial difficulties of starting up a new law practice, the long hours he was putting in working on document review projects in order to supplement his income, and the depression he experienced as a result of his stressful situation.

Although the respondent testified that he was depressed, he offered little other proof of his condition. The respondent met with a counselor for the first time in December 2010; however, the incident underlying the charges here occurred in August 2006. Claiming to be depressed, the respondent, nonetheless, was able to work, in effect, two jobs—his own cases and different document review projects. Based on this evidence, the Special Referee gave little credence to the respondent's explanation for his misconduct.

It is undisputed that the respondent intended to mislead his client into believing that he had perfected the appeal when he had not done so. Notwithstanding the fact that the respondent was merely trying to "buy time" in order to finish the brief, he engaged in deceitful conduct towards his client in a criminal matter.

Under the totality of circumstances, the respondent is suspended from the practice of law for a period of two years.

MASTRO, A.P.J., RIVERA, SKELOS, DILLON and AUSTIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Thomas C. Brooks, Jr., is suspended from the practice of law for a period of two years, commencing May 3, 2012, and continuing until further order of this Court, with leave to apply for reinstatement no sooner than November 4, 2013. In such application, the respondent shall furnish satisfactory proof that (1) during the said period he refrained from practicing or attempting to practice law, (2) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), (3) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Thomas C. Brooks, Jr., shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Thomas C. Brooks, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas C. Brooks, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).