[992 NYS2d 436]

In the Matter of Thomas C. Brooks, Jr., a Suspended Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, September 24, 2014

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Sharon Gursen Ades* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a petition dated November 13, 2012, which contained two charges of professional misconduct. Following a preliminary hearing on June 12, 2013, and a hearing on August 16, 2013, the Special Referee issued a report sustaining both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as this Court deems appropriate. The respondent has neither submitted a response to the motion nor requested additional time in which to do so.

Charge one alleges that the respondent engaged in the practice of law while under an order of suspension, in violation of rule 8.4 (c), (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0). By opinion and order of this Court dated April 3, 2012 (95 AD3d 136 [2012]), the respondent was suspended from the practice of law for a period of two years, commencing on May 3, 2012, and continuing until further order of this Court. On or about April 16, 2012, the respondent was personally served with a copy of the opinion and order, as well as a copy of the Court's rules governing the conduct of disbarred, suspended, or resigned attorneys (*see* 22 NYCRR 691.10). On or about May 18, 2012, the respondent appeared in Family Court, Kings County, as an attorney, for a party in a contested custody and visitation matter.

Charge two alleges that the respondent failed to file an affidavit of compliance, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0). The suspension order directed that the respondent comply with 22 NYCRR 691.10. Pursuant to 22 NYCRR 691.10 (f), the respondent was required to file an affidavit of compliance within 10 days of the effective date of his suspension. He failed to do so.

Based on the evidence adduced, and the respondent's admissions, the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In mitigation, the respondent testified at the disciplinary hearing that he had anticipated a suspension in connection with the prior disciplinary proceeding, he had started to wind down his practice, and he already had begun training for a new line of work. The respondent admitted that he knowingly appeared for a client on May 18, 2012, after the effective date of his suspension. The respondent asserted that he had formerly represented the client, and the client unexpectedly notified him that she was coming from abroad for an appearance in Family Court. The respondent tried to arrange for another attorney to handle the court appearance, but was unsuccessful. So as to avoid the trip being a waste for the client, whom the respondent knew was of little means, the respondent appeared on her behalf under the belief that a settlement had been reached and all that was needed was for the court to so-order it. As it turned out, on the day of the appearance, the matter had to be adjourned and nothing of substance occurred. In determining the appropriate measure of discipline to impose, we have taken into consideration the aforementioned mitigating circumstances, including the fact that the respondent did not act for personal gain, and the solitary nature of his misconduct. The respondent, nonetheless, knowingly violated this Court's opinion and order dated April 3, 2012. Under these circumstances, the respondent is suspended from the practice of law for a period of one year.

Eng, P.J., Mastro, Rivera, Skelos and Austin, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, Thomas C. Brooks, Jr., a suspended attorney, is suspended from the practice of law for a period of one year, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than six months prior to the expiration

date of his suspension. In such application, the respondent shall furnish satisfactory proof (1) that during the said period he refrained from practicing or attempting to practice law, (2) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) that he has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) that he has otherwise properly conducted himself; and it is further,

Ordered that the respondent, Thomas C. Brooks, Jr., a suspended attorney, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Thomas C. Brooks, Jr., a suspended attorney, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Thomas C. Brooks, Jr., a suspended attorney, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).