Matter of Salem (2020 NY Slip Op 01919)





Matter of M. James Salem


2020 NY Slip Op 01919


Decided on March 18, 2020


Appellate Division, Second Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS, JJ.


2019-02383

[*1]In the Matter of M. James Salem, admitted as Maurice J. Salem, an attorney and counselor-at-law. (Attorney Registration No. 4093977)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 8, 2003, under the name Maurice J. Salem. By order to show cause dated April 8, 2019, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of Illinois entered January 29, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.



Gary L. Casella, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District.
Maurice James Salem, named herein as M. James Salem, Yonkers, NY, respondent pro se.



PER CURIAM


OPINION & ORDER
.By order entered January 29, 2019, the Supreme Court of Illinois suspended the respondent from the practice of law for 90 days.
Admission Status 
The respondent was admitted to the New York Bar on January 8, 2003. In December 2003, he moved to Illinois and established a permanent residency in that state. He applied for admission to the Illinois Bar, and in February 2005, he passed the Illinois Bar exam. Following a two-day hearing, the Committee on Character and Fitness of the Supreme Court of Illinois recommended that the respondent's application for admission to the Bar be denied. The respondent sought review of the denial. On September 21, 2006, the Supreme Court of Illinois denied the respondent's petition for review. Denied admission to the Illinois Bar, the respondent continued to practice in various federal courts where he was admitted and represented clients in Illinois state courts on a pro hac vice basis.
Illinois Proceedings 
1. Complaint Filed 
On April 28, 2016, the Administrator of the Illinois Attorney Registration and Disciplinary Commission (hereinafter the ARDC) filed a complaint against the respondent, an out-of-state attorney, charging him with four counts of professional misconduct.
Count one charged the respondent with (a) practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, in violation of Rule 5.5(a) of the Illinois Rules of Professional Conduct (2010); (b) establishing an office or other systematic and continuous [*2]presence in Illinois, in violation of Rule 5.5(b)(1) of the Illinois Rules of Professional Conduct (2010); (c) holding himself out to the public or otherwise representing that he is admitted to practice in Illinois, when he was not so admitted, in violation of Rule 5.5(b)(2) of the Illinois Rules of Professional Conduct (2010); (d) making a false or misleading communication about himself or his law services that contains a material misrepresentation of fact, in violation of Rule 7.1 of the Illinois Rules of Professional Conduct (2010); and (e) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Rule 8.4(c) of the Illinois Rules of Professional Conduct (2010). These charges were based, inter alia, on the respondent's representation of clients in numerous actions in Illinois state court, for which leave to appear pro hac vice was obtained in those matters; the respondent's maintenance of a law office in Illinois; the respondent's use of business cards that identified him as an attorney, without stating that he is not licensed in Illinois or that the only state in which he was licensed to practice was New York; and the respondent's use of an Illinois address in pleadings and business cards that identified him as an attorney without disclosing that his sole law license was from New York.
Count two charged the respondent with the unauthorized practice of law, in violation of Rule 5.5(a) of the Illinois Rules of Professional Conduct (2010).
Count three charged the respondent with (a) knowingly making a false statement of fact or law to a tribunal, in violation of Rule 3.3(a) of the Illinois Rules of Professional Conduct (2010); (b) practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, in violation of Rule 5.5(a) of the Illinois Rules of Professional Conduct (2010); (c) holding himself out to the public or otherwise representing that he is admitted to practice in Illinois, when he was not so admitted, in violation of Rule 5.5(b)(2) of the Illinois Rules of Professional Conduct (2010); (d) making a false or misleading communication about himself or his services that contains a material misrepresentation of fact, in violation of Rule 7.1 of the Illinois Rules of Professional Conduct (2010); (e) using a firm name, letterhead, or other professional designation that violates Rule 7.1, in violation of Rule 7.5(a) of the Illinois Rules of Professional Conduct (2010); and (f) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Rule 8.4(c) of the Illinois Rules of Professional Conduct (2010). These charges were based, inter alia, on the respondent's appearance in a forcible detainer action in the Circuit Court of Cook County, before the Honorable Maureen P. Feerick, and his use of letterhead on a March 1, 2013, letter to Judge Feerick, which identified him as an attorney at an Illinois address without any indication that he was only licensed to practice law in New York.
Count four charged the respondent with (a) knowingly making a false statement of fact or law to a tribunal, in violation of Rule 3.3(a) of the Illinois Rules of Professional Conduct (2010); and (b) engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, in violation of Rule 8.4(c) of the Illinois Rules of Professional Conduct (2010). These charges were based on the respondent's assertion in the forcible detainer action that he did not file an appearance on behalf of his wife, Claudia Salem, yet his wife's name was included on the appearance form.
2. The Hearing Board's Report and Recommendation 
A hearing was held on February 15, 2017, before the Hearing Board of the ARDC (hereinafter the Hearing Board). In a report and recommendation filed October 18, 2017, the Hearing Board did not sustain counts one, two, and four. The Hearing Board found no violation of the Illinois Rules of Professional Conduct with respect to the respondent's pro hac vice appearances, as he complied with the rules governing such appearances. The Hearing Board further found that the respondent was permitted to have an office in Illinois in order to maintain his federal practice, and that the respondent's inclusion of the phrase "Federal Court Litigation" on his business cards sufficiently indicated that he was not holding himself out as a lawyer generally admitted to practice in Illinois, and that the business cards, thus, were not deceptive. However, as charged in count three, with respect to the respondent's letterhead, the Hearing Board found that the Administrator of the ARDC (hereinafter the Administrator) proved by clear and convincing evidence that the respondent held himself out to Judge Feerick as an Illinois attorney on the basis of the respondent's use of letterhead, which did not state "Federal Court Litigation." The Hearing Board found this to be a significant omission because there was nothing else in the letterhead to signal that the respondent was not licensed in Illinois. The Hearing Board noted that it did not find that the respondent acted intentionally.
As a recommended sanction, the Hearing Board recommended a censure.
3. The Review Board's Report and Recommendation 
The Administrator filed exceptions to the Hearing Board's finding that the respondent did not violate Rules 5.5(a) and 8.4(c) of the Illinois Rules of Professional Conduct (2010) by dishonestly holding himself out to the public as an Illinois attorney. The Administrator also challenged the Hearing Board's sanction recommendation and asked for a sanction recommendation of a suspension for 90 days and until further order. On cross appeal, the respondent argued that he should receive a lesser sanction. In a report and recommendation of the Review Board of the ARDC (hereinafter the Review Board) filed October 31, 2018, the Review Board affirmed the Hearing Board's findings and agreed with the Hearing Board's recommendation of a censure.
4. The Administrator's Petition for Leave to File Exceptions 
On December 5, 2018, the Administrator filed a petition for leave to file exceptions to the Review Board's report and recommendation and sought a suspension for at least 90 days. The Administrator contended that the evidence, principally the respondent's use of misleading business cards, letterhead, and court pleadings, unequivocally showed that the respondent held himself out to the public as an Illinois attorney, in violation of Rule 5.5(b)(2) of the Illinois Rules of Professional Conduct (2010), and that he acted dishonestly as to the public, in violation of Rule 8.4(c) of the Illinois Rules of Professional Conduct (2010).
5. Supreme Court of Illinois Order 
By order entered January 29, 2019, the Supreme Court of Illinois suspended the respondent from the practice of law for 90 days, as follows: "Petition by the Administrator of the Attorney Registration and Disciplinary Commission for leave to file exceptions to the report and recommendation of the Review Board. Allowed . Respondent Maurice James Salem is suspended from the practice of law for ninety (90) days and until further order of the Court."
Order to Show Cause 
By order to show cause dated April 8, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the Supreme Court of Illinois entered January 29, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
In an affidavit sworn to on May 28, 2019, the respondent opposes the imposition of reciprocal discipline and asks, in the alternative, that should the Court impose discipline, such discipline should be imposed nunc pro tunc. The respondent asserts that the misconduct for which he was disciplined in Illinois, which involved an unintentional violation of Rule 5.5(b)(2) of the Illinois Rules of Professional Conduct (2010), does not constitute misconduct in New York because intent is an element of a similar violation in New York. In addition, the respondent argues that the factual recitation in the Administrator's petition for leave to file exceptions should be ignored because, while the Supreme Court of Illinois suspended him for 90 days, it made no factual determination, nor did it reverse any factual determination made by the Hearing Board. He contends that he was never found to be dishonest.
The respondent further argues that a censure is too severe, and that any suspension would be unjust, in view of the fact that he caused no harm. Any suspension in New York, he argues, would not be the same because his suspension in Illinois was only a suspension from appearing pro hac vice. In mitigation, he contends that any suspension would result in great financial hardship for him and his family.
In a reply affirmation dated June 10, 2019, counsel for the Grievance Committee for the Ninth Judicial District argues that the respondent has not met his burden of demonstrating that he should not be reciprocally disciplined. Counsel for the Grievance Committee contends that, contrary to the respondent's contention, rule 5.5(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), which provides that "[a] lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction," does not have an element of intent.
The Grievance Committee advises that the respondent was previously issued a caution and an admonition in New York by the Grievance Committee for the Tenth Judicial District. On November 18, 2005, the respondent was cautioned for: (1) making statements to his adversary in a letter that implied that he was able to influence improperly or on irrelevant grounds a public official, i.e., a prosecuting attorney in Michigan, and (2) making statements to his adversary in a letter that implied the threat of criminal prosecution. On May 30, 2007, the respondent was admonished for: (1) practicing law in Illinois state court without being duly admitted or obtaining timely permission of the court to practice pro hac vice, and (2) utilizing letterhead that misrepresented his Illinois State [*3]Bar admission status.
In a surreply affirmation, the respondent pledges to never appear again on a pro hac vice basis in an Illinois state court.
Findings and Conclusions of Law 
Based on the foregoing, we find that the imposition of reciprocal discipline is warranted based on the discipline imposed by the Supreme Court of Illinois. We find no merit to the respondent's intent argument. In view of the circumstances of this case, in addition to the respondent's prior disciplinary history in New York, which is reminiscent of the misconduct for which he was disciplined in Illinois, we conclude that a suspension from the practice of law for a period of six months is appropriate.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and CHAMBERS, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, M. James Salem, admitted as Maurice J. Salem, is suspended from the practice of law for a period of six months, commencing April 17, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than September 17, 2020. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, M. James Salem, admitted as Maurice J. Salem, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, M. James Salem, admitted as Maurice J. Salem, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, M. James Salem, admitted as Maurice J. Salem, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court