Matter of Salem (2021 NY Slip Op 01261)





Matter of Salem


2021 NY Slip Op 01261


Decided on March 3, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
MARK C. DILLON
CHERYL E. CHAMBERS
LEONARD B. AUSTIN, JJ.


2020-01062

[*1]In the Matter of M. James Salem, admitted as Maurice J. Salem, a suspended attorney. (Attorney Registration No. 4093977)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 8, 2003, under the name Maurice J. Salem. By order to show cause dated February 14, 2020, this Court directed the respondent to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the United States District Court for the Northern District of Illinois dated July 25, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court. In an unrelated proceeding, by opinion and order of this Court dated March 18, 2020, the respondent was suspended from the practice of law for a period of six months, commencing April 17, 2020, and continuing until further order of this Court (see Matter of Salem, 183 AD3d 92).



Gary L. Casella, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District.
Maurice James Salem, named herein as M. James Salem, Yonkers, NY, respondent pro se.



PER CURIAM.


By order dated July 25, 2019, the United States District Court for the Northern District of Illinois (hereinafter the USDC) suspended the respondent from the practice of law for 90 days and until further order of the Supreme Court of Illinois.
Illinois Proceedings
The respondent was admitted to the New York Bar on January 8, 2003. In December 2003, he moved to Illinois and established a permanent residency in that state. He applied for admission to the Illinois Bar, and in February 2005, he passed the Illinois Bar exam. Following a two-day hearing, the Committee on Character and Fitness of the Supreme Court of Illinois recommended that the respondent's application for admission to the Bar be denied. The respondent sought review of the denial. On September 21, 2006, the Supreme Court of Illinois denied the respondent's petition for review. Denied admission to the Illinois Bar, the respondent continued to practice in various federal courts where he was admitted and represented clients in [*2]Illinois state courts on a pro hac vice basis.
By order of the Supreme Court of Illinois entered January 29, 2019, the respondent was suspended from the practice of law for a period of 90 days and until further order of the Court. Based upon this order of suspension, the USDC issued an order imposing reciprocal discipline upon the respondent, dated March 13, 2019, wherein the respondent was suspended from the practice of law for a period of 90 days and until further order of the Supreme Court of Illinois, nunc pro tunc, to January 29, 2019.
By letter dated May 8, 2019, Deanne S. Medina filed a complaint with the USDC against the respondent. Medina, who was opposing counsel to the respondent in the matter of Howard v Four Partners Petroleum, Inc., alleged that he continued corresponding with her regarding discovery and depositions during his period of suspension and never reported his status to either her or the Court. Based on this complaint, the USDC issued a rule to show cause dated June 11, 2019, directing the respondent to answer allegations that, despite being a suspended attorney by order of the Court dated March 13, 2019, he nevertheless continued to practice law in violation of the Rules of Professional Conduct (22 NYCRR 1200.0) rule 8.4(d) (engaging in conduct prejudicial to the administration of justice). Specifically, the respondent was alleged to have practiced law while suspended, as follows:
"1. In an email dated March 28, 2019 at 12:56 p.m., Mr. Salem responded to discovery correspondence (a) stating when depositions could take place; (b) asserting that document production must be completed first; (c) promising responses to requests for production would be provided next week; and (d) sought the opposing party's tax returns and cited Federal Rule of Civil Procedure in support.
"2. In an email dated April 10, 2019 at 2:03 p.m., Mr. Salem sought to schedule the opposing party's deposition and reported what the length of the deposition would be.
"3. In an email dated April 10, 2019 at 10:12 a.m., Mr. Salem sought the opposing party's 2017 tax return and sought 'whatever additional documents you may get for' the plaintiff.
"4. In an email dated April 13, 2019 at 5:17 p.m., Mr. Salem sought to reschedule a May 2 deposition, and asked for it to be scheduled on May 13 or May 17. The email did not inform opposing counsel of the suspension.
"5. In response to the April 13 email, Ms. Medina responded that she was concerned about rescheduling the depositions, because the discovery deadline is May 17. Ms. Medina agreed to the rescheduling of the depositions on the condition that, if needed, Mr. Salem would not oppose a motion to extend discovery. In an email dated April 15, 2019 at 11:15 a.m., Mr. Salem represented, 'We will not oppose extending discovery.'
"6. On May 1, 2019, Ms. Medina emailed Mr. Salem. The email stated, 'Your client's discovery responses are now more than two and a half weeks overdue to me. Given that I have depositions in two weeks, I need an opportunity to review discovery so that I can properly prepare. Please advise as to when you will be producing those.' In an email dated May 1, 2019 at 2:38 p.m., Mr. Salem stated, 'I will have a response for you by Tuesday. My clients may have to find new counsel. If that is the case, they will ask the judge for time to find new counsel. I will let you know by Tuesday.'"
In response to the USDC's rule to show cause, the respondent argued that he fully complied with the order of suspension. The respondent explained that he was intending to have his client find new counsel but he could not get a hold of him; that he never submitted any documents to opposing counsel or the Court; that he made no request for documents; and that he was simply trying to extend the case so his client did not default.
Following a review of the evidence, which included a meeting with the respondent, the USDC sustained the charges in the rule to show cause finding that the respondent had "knowingly practiced law during his suspension, specifically, via email on March 28, April 10, April 13, and May 1, 2019." The USDC suspended the respondent for a period of three months, effective immediately.
New York Proceeding
By order to show cause dated February 14, 2020, this Court directed the respondent to show cause why discipline should not be imposed upon him in this State pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the USDC dated July 25, 2019, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
In an affidavit filed April 20, 2020, the respondent opposes the imposition of reciprocal discipline, and asks, alternatively, that should the Court impose discipline, such discipline should be imposed nunc pro tunc. While the respondent fails to raise any enumerated defenses pursuant to 22 NYCRR 1240.13(b), he nonetheless asserts, inter alia, that at the time he sent the subject emails, he was unaware that his actions constituted practicing law.
The Grievance Committee for the Ninth Judicial District advises that the respondent's disciplinary history includes the disciplinary proceeding in which he was suspended for a period of six months, commencing April 17, 2020, and continuing until further order of this Court (see Matter of Salem, 183 AD3d 92), and a caution and an admonition in New York by the Grievance Committee for the Tenth Judicial District. On November 18, 2005, the respondent was cautioned for: (1) making statements to his adversary in a letter that implied that he was able to influence improperly or on irrelevant grounds a public official, i.e., a prosecuting attorney in Michigan; and (2) making statements to his adversary in a letter that implied the threat of criminal prosecution. On May 30, 2007, the respondent was admonished for: (1) practicing law in Illinois state court without being duly admitted or obtaining timely permission of the court to practice pro hac vice; and (2) utilizing letterhead which misrepresented his Illinois Bar admission status.
Findings and Conclusions of Law
Here, the USDC found, inter alia, that the respondent had "knowingly practiced law during his suspension."
After the USDC issued the order on July 25, 2019, the respondent failed to timely inform this Court as required by 22 NYCRR 1240.13(d). Further, the Court finds the respondent's prior disciplinary history involving misconduct similar in nature to be a substantial aggravating factor.
In view of the foregoing, we find that reciprocal discipline is warranted based on the findings of the USDC, and as such, under the circumstances, a one-year suspension is warranted (see e.g. Matter of Brooks, 122 AD3d 129; Matter of Keenan, 182 AD2d 194).MASTRO, A.P.J., RIVERA, DILLON, CHAMBERS and AUSTIN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, M. James Salem, admitted as Maurice J. Salem, is suspended from the practice of law for a period of one year, effective immediately, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than December 3, 2021. In such application (see 22 NYCRR 691.11, 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(c)(3), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, M. James Salem, admitted as Maurice J. Salem, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR [*3]1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, M. James Salem, admitted as Maurice J. Salem, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, M. James Salem, admitted as Maurice J. Salem, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court